IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMY BARTELS, et al.,<br><br>Defendants. | Case No. CIV-21-1068-PRW |

## ORDER

Before the Court are Defendant United States Department of the Air Force's ("the United States's") Motion to Dismiss (Dkt. 37) and Plaintiff Progressive Direct Insurance Company's ("Progressive's") Motion for Default Judgment (Dkt. 25). For the reasons set forth below, the Motion to Dismiss (Dkt. 37) is **GRANTED**. To enable the Court to rule on the Motion for Default Judgment (Dkt. 25), Progressive is **ORDERED** to show that the Court retains subject matter jurisdiction over the action.

### *Background*

Defendant Amy Bartels was injured in a motorcycle accident in September 2017. At the time, Defendant Bartels held a Progressive insurance policy totaling $125,000 in applicable coverage. The other Defendants in this case provided medical and legal services to Defendant Bartels in the aftermath of her injury. As alleged in the Amended Complaint (Dkt. 17), the total costs for these services exceeded $125,000. As a result, Progressive

1

filed this interpleader action seeking an allocation of the $125,000 sum among the various Defendants who may have an interest in it.

Progressive filed its Motion for Default (Dkt. 25) in November 2022, seeking entry of default against Defendants Washington Regional Medical Center, OU Medicine, Inc. d/b/a OU Medical Center, and the United States Department of the Air Force. The Court then ordered Progressive to show cause why its claim against the United States should not be dismissed for failure to effect service in accordance with Rule 4(i).[1] Ultimately, the Court allowed Progressive an extension of time to properly serve the United States, which it did in February 2023. Shortly after, the United States filed its Motion to Dismiss (Dkt. 37) on the basis of sovereign immunity.

Because the outcome of the Motion to Dismiss (Dkt. 37) will determine whether the United States is amenable to Progressive's requested default judgment, the Court will consider the Motion to Dismiss first.

### The United States's Motion to Dismiss

The United States seeks dismissal from this action on the basis of sovereign immunity. "[T]he defense of sovereign immunity is jurisdictional in nature," and may be grounds for dismissal pursuant to Rule 12(b)(1).[2] The burden of establishing federal jurisdiction rests on the party invoking its existence.[3] In considering a facial challenge to

---

[1] Fed. R. Civ. P. 4(i).

[2] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002).

[3] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

subject matter jurisdiction on the basis of sovereign immunity, a court "must accept the allegations in the complaint as true."[4]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[5] Waiver of immunity must be accomplished by a specific statute[6] in clear and unequivocal language.[7] "Any ambiguities in the statutory language are to be construed in favor of immunity so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires."[8]

Here, the United States presents a facial challenge to the Court's jurisdiction.[9] As a result, the Court accepts the allegations in the Amended Complaint (Dkt. 17) as true. However, as Progressive concedes, the Amended Complaint does not identify an applicable statute that waives the United States's sovereign immunity.[10] "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show

---

[4] *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001)).

[5] *United States v. Mitchell*, 463 U.S. 206, 212 (1983)

[6] I.e., general federal jurisdictional statutes such as 28 U.S.C. § 1331 do not serve as waivers of sovereign immunity. *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

[7] *See Hattrup v. United States*, 845 F. App'x 733, 735 (10th Cir. 2021); *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1260 (10th Cir. 2009).

[8] *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012).

[9] Def. United States' Mot. Dismiss (Dkt. 37), at 3.

[10] Pl.'s Resp. (Dkt. 38), at 5–6. As a basis for jurisdiction, the Amended Complaint simply cites Article III, § 2 of the Constitution. Am. Compl. (Dkt 17), at 2. Like the general jurisdictional statutes, Article III does not itself serve as a waiver of sovereign immunity. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

jurisdiction."[11] By failing to point to an applicable statute in its Amended Complaint, Progressive has failed to establish this Court's jurisdiction over the United States in this action. In its Response (Dkt. 38), Progressive refers the Court to 28 U.S.C. § 2410 and the Federal Medical Care Recovery Act ("FMCRA")[12] as statutory waivers, and requests leave to again amend its complaint to include reference to these statutes. However, the Court finds that such an amendment would be futile.[13]

28 U.S.C. § 2410 provides that "for the protection of the United States, the United States may be named a party in any civil action or suit . . . of interpleader or in the nature of interpleader with respect to . . . real or personal property on which the United States has or claims a mortgage or other lien."[14] "The waiver of sovereign immunity in § 2410 'must be narrowly construed.'"[15] The FMCRA provides that "the United States shall have a right to recover" from an insurer the reasonable value of medical care paid for by the United States in certain circumstances.

For Progressive to maintain its action against the United States, the Government's right to recover under the FMCRA must constitute a lien within the meaning of § 2410. As Progressive points out, litigants, the United States, and courts sometimes use the term

---

[11] *United States ex rel Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (internal quotations and citations omitted).

[12] 42 U.S.C. §§ 2651–2653.

[13] *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1217–18 (10th Cir. 2022) ("[A] district court may withhold leave to amend if the amendment would be futile.").

[14] 28 U.S.C. § 2410.

[15] *Hattrup*, 845 F. App'x at 736 (quoting *Lonsdale v. United States*, 919 F.2d 1440, 1443 (10th Cir. 1990)).

"lien" when discussing the Government's claims under FMCRA or similar right-to-recover statutes like the Medicare Secondary Payer Act.[16] But this is simply shorthand; when the distinction is relevant, courts have routinely held that these statutes create exactly what they say they create—a right to recover, i.e. a cause of action—rather than a lien, a claim against specific property.[17] "A judgment may create a lien . . . but the cause of action itself, a merely personal claim, does not."[18]

Progressive expresses frustration that the United States sometimes consents to be interpleaded in actions like this one, and sometimes, as here, does not. But this Court's bailiwick is to determine if immunity has or has not been waived, not to call particular exercises of immunity fair or foul. Here, the combination of FMCRA and § 2410 do not add up to a waiver of sovereign immunity, and as a result Progressive's proposed amended complaint would be futile. The United States' Motion to Dismiss (Dkt. 37) is **GRANTED**, and Progressive's claims against the United States are dismissed for lack of subject matter jurisdiction.

---

[16] 42 U.S.C. § 1395y.

[17] *See, e.g.*, *Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir. 1984) ("No case holds that [the FMCRA] gives the United States a lien for purposes of removal or anything else."); *Zinman v. Shalala*, 835 F. Supp. 1163, 1171 (N.D. Cal. 1993); *Nelson v. Medi-Cal*, 16-CV-01328-LJO-BAM, 2016 WL 8731386, at *2 (E.D. Cal. Nov 4, 2016).

[18] *Thomas*, 740 F.2d at 482.

*Motion for Default Judgment*

Before reaching the issue of default, the Court must assure itself that is has subject matter and personal jurisdiction to exercise authority over this action.[19] As stated above, Progressive bears the burden to plead facts establishing jurisdiction. With the United States out of the case, the only apparent candidate for federal subject matter jurisdiction is diversity jurisdiction.[20] Because this interpleader action is brought under Rule 22,[21] rather than the federal interpleader statute,[22] the familiar diversity rules of 28 U.S.C. § 1332 apply.[23] That is to say, Progressive's pleadings must demonstrate that it, as plaintiff-stakeholder, is completely diverse from the defendant-claimants,[24] and that the amount in controversy exceeds $75,000.[25]

Here, the amount in controversy requirement is met, as Progressive seeks the allocation of $125,000. However, likely because jurisdiction was initially premised on the

---

[19] *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

[20] There might be a case for general federal question jurisdiction stemming from Defendant Mail Handlers Benefit Plan's connection with the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901–8914, but the Supreme Court has suggested otherwise. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 693–97 (2006).

[21] Fed. R. Civ. P. 22.

[22] 28 U.S.C. § 1335. The Amended Complaint does reference a requirement of statutory interpleader. Am. Compl. (Dkt. 17), at 3. However, not only is there a clear statement that the action is pursuant to Rule 22, *id.*, but Progressive has not deposited the fund in dispute with the Court, as would be required under statutory interpleader. 28 U.S.C. § 1335(a)(2).

[23] 28 U.S.C. § 1332.

[24] Statutory interpleader requires only minimum diversity among the claimants, while § 1332 requires complete diversity between the plaintiff-stakeholder and the claimants. *See* 7 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1703.

[25] 28 U.S.C. § 1332.

United States remaining a party, the pleadings do not equip the Court to determine whether diversity of citizenship exists. For example, Progressive describes itself as simply "a foreign insurance company duly licensed and authorized to do business in the State of Oklahoma," without disclosing the states in which it is incorporated or where its primary place of business is located.[26] No jurisdictional facts relating to Defendant Mail Handlers Benefit Plan—or the entity that administers it, the National Postal Mail Handlers Union—are found in the record.[27]

Before this Court can consider rendering a default judgment, it must be satisfied that it has the power to do so. Accordingly, the Court hereby **ORDERS** Plaintiff Progressive to show cause, by November 7, 2023, why this action should not be dismissed for lack of subject matter jurisdiction now that the United States is no longer a party. Specifically, Progressive should either identify a federal question out of which this case arises[28] or allege sufficient facts to show complete diversity between itself and the Defendant-claimants.[29]

### *Conclusion*

For the reasons discussed above, Defendant United States Department of the Air Force's Motion to Dismiss (Dkt. 37) is **GRANTED**. Plaintiff Progressive is **ORDERED** to show cause, by November 7, 2023, why its claims against the remaining Defendants should not be dismissed for lack of subject matter jurisdiction.

---

[26] Am. Compl. (Dkt. 17), at 1; 28 U.S.C. § 1332(c)(1).

[27] *See* Am. Compl. (Dkt. 17), at 2; Def. MHBP's Ans. (Dkt. 19), at 2.

[28] 28 U.S.C. § 1331.

[29] 28 U.S.C. § 1332.

**IT IS SO ORDERED** this 17th day of October 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE